IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HARDY DEVAN TOLBERT, JR., :
AIS 160902,
:
    Petitioner,
:
vs.                                       CA 14-0407-WS-C
:
KARLA JONES,
:
    Respondent.

**REPORT AND RECOMMENDATION**

    Hardy Devan Tolbert, Jr., a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d). Alternatively, it is recommended that the Court find that it is procedurally barred from reaching the merits of the sole claim raised by Tolbert herein.

**FINDINGS OF FACT**

    On April 1, 2009, Tolbert entered a counseled guilty plea to distribution of a controlled substance and was sentenced to life imprisonment pursuant to Alabama's Habitual Felony Offender Act. (*Compare* Doc. 1, at 2 *with* Doc. 7, at 1.) Sometime

thereafter, petitioner filed a notice of appeal (*see* Doc. 7, at 3); however, Tolbert's direct appeal was dismissed by the Alabama Court of Criminal Appeals due to his failure to pay the $100.00 docket fee or provide proof that he "had been granted leave to proceed on appeal in forma pauperis or ha[d] a motion pending with the trial court seeking leave to proceed on appeal in forma pauperis." (Doc. 7, Exhibit 1.) A certificate of final judgment of affirmance issued on November 24, 2009. (Doc. 7, Exhibit 2; *compare id. with* Doc. 7, Exhibit 1 ("Having this date dismissed this appeal, the Court further orders that the certificate of judgment shall issue forthwith.").)

Tolbert collaterally attacked his conviction and sentence on March 31, 2010. (*See* Doc. 7, Exhibit 3, at 2.) "In his petition, Tolbert alleged that he was denied the effective assistance of counsel due to a conflict of interest by his attorney that adversely affected his representation." (*Id*.) The Alabama Court of Criminal Appeals affirmed the trial court's denial of Tolbert's Rule 32 petition by memorandum opinion issued on September 16, 2011. *Tolbert v. State,* 114 So.3d 164 (Ala.Crim.App. 2011) (table). A certificate of final judgment of affirmance was entered on October 5, 2011. (Doc. 7, Exhibit 4.)

Tolbert was deemed to have filed his second Rule 32 petition in the Circuit Court of Mobile County, Alabama on March 13, 2012. (Doc. 7, Exhibit 5, at 2.) Numerous claims were raised by petitioner but only one relevant to the instant petition, as follows: "Tolbert argued that neither the State nor the circuit court invoked the Habitual Felony Offender Act [] prior to his sentencing, therefore, according to Tolbert, his sentence exceeds the sentence allowed for a Class B felony and is illegal." (*Id*. at 2.) The trial court

determined that this claim was nonjurisdictional and, therefore, subject to the "procedural bars of Rule 32.2(c)[] because the petition was untimely filed." (*Id.* at 3.) The Alabama Court of Criminal Appeals determined that "[t]he circuit court correctly found [] Tolbert's petition [] precluded as untimely under Rule 32.2(c)[]" inasmuch as the foregoing claim was a non-jurisdictional claim. (*Id.*) In addition, the appellate court found the claim to be without merit. (*Id.* at 3-4.) Tolbert's petition for writ of certiorari was denied without opinion on January 10, 2014 (Doc. 7, Exhibit 6) and the certificate of final judgment of affirmance was issued that same day (Doc. 7, Exhibit 7).

In his petition filed in this Court on August 26, 2014 (Doc. 1, at 13) Tolbert contends that he was denied his constitutional right to due process of law due to the State's failure to properly invoke Alabama's Habitual Felony Offender Act by establishing or offering proof that he had three prior qualifying felony convictions (*see id.* at 14 & 16-18).

## CONCLUSIONS OF LAW

    A.    **Statute of Limitations**.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Tolbert's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his unlawful distribution of a controlled substance conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Tolbert's conviction became final in 2010.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period

will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" The Alabama Court of Criminal Appeals dismissed Tolbert's appeal by order dated November 24, 2009, *Tolbert v. State*, 64 So.3d 1164 (Ala.Crim.App. 2009), and the certificate of judgment of final affirmance was issued that same day (Doc. 7, Exhibit 2). The respondent implicitly contends that Tolbert's one-year limitations period began to run on November 24, 2009 (Doc. 7, at 6); however, respondent cites no legal authority supporting this proposition (*see id.*) and the undersigned need agree with the United States District Court for the Middle District of Florida that "a § 2254 petitioner is entitled to a 90-day period for seeking *certiorari* review in the Supreme Court of the United States from a dismissed direct appeal." *Tovar v. Secretary, DOC,* 2014 WL 298914, *2 (M.D. Fla. Jan. 28, 2014) (discussing cases, including Fifth and Fourth Circuit cases).

    In light of the foregoing, it is clear to the undersigned that petitioner's one-year period of limitations under AEDPA began to run on February 24, 2010 and was tolled one month and seven days later on March 31, 2010, when Tolbert filed his first Rule 32 petition collaterally attacking his conviction and sentence (*see* Doc. 7, Exhibit 5, at 2). *Compare* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") *with Guenther, supra,* 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation in [subsection (d)].'"). Petitioner's one-year limitations period began running again on October 5, 2011, the date on which the certificate of final judgment of affirmance was issued with respect to the denial of his Rule 32 petition (*see* Doc. 7, Exhibit 4), and expired some ten (10) months and twenty-three (23) days later, on or about August 12, 2012. Tolbert is unable to take advantage of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) on account of the filing of his second Rule 32 petition in the Circuit Court of Mobile County, Alabama on March 13, 2012 (*see* Doc. 7, Exhibit 5, at 2), inasmuch as his second collateral state petition was not properly filed due to its untimeliness (*id.* at 3). *Compare Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.") *with Murphy v. Secretary, Dep't of Corrections,* 279 Fed.Appx. 877, 878 (11th Cir. My 29, 2008) (finding where denial of a second state collateral petition is affirmed both because it was untimely and because it lacked merit, as here, the second petition was not "properly filed" for § 2244(d)(2) purposes).[1]

---

[1] Even assuming Tolbert's second Rule 32 petition also tolled his one-year

Accordingly, the only avenue by which this Court can consider the merits of Tolbert's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable

---

limitations period, another five plus months of that period lapsed before the second petition was filed on March 13, 2012, that is, October 5, 2011 through March 13, 2012. This five plus months added to the previous one plus month referenced above constitutes six plus months, such that the more than seven months that expired between the January 10, 2014 issuance of the certificate of judgment of final affirmance on the second Rule 32 petition and the filing of the instant petition on August 26, 2014, obviously accounts for more than 12 months. Accordingly, Tolbert's § 2254 petition is untimely.

Given this alternative "mathematical" analysis, petitioner's apparent argument that his second Rule 32 petition did toll the one-year statute of limitations (*see* Doc. 12, at 1-3) avails him of nothing. In other words, petitioner's one-year limitations period has expired regardless of the manner in which the "pie" is cut; even assuming Tolbert's second Rule 32 petition also tolled the one-year limitations period, the instant petition still comes too late as established above.

tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition

> on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crimes for which he was convicted. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied*, ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Indeed, petitioner nowhere makes any equitable tolling argument (*compare* Doc. 1 *with* Doc. 12 (no reference to extraordinary circumstances and due diligence)) and, therefore, he has failed to establish his entitlement to this extraordinary remedy. *Spottsville, supra.* Accordingly, the undersigned concludes that nothing other than Tolbert's own lack of due diligence

9

is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.[2]

### B. Procedural Default Doctrine.

In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. at 2553-2554. This rule applies whether the state law ground is procedural or substantive. *Id.* at 729, 111 S.Ct. at 2554. The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id*. at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied*

---

[2] As referenced, *infra,* Tolbert has not demonstrated that he is factually innocent of unlawful distribution of a controlled substance.

10

*sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id.*

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id.* at 730-731, 111 S.Ct. at 2554.

An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id*. at 731, 111 S.Ct. at 2554. The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. (citations omitted) This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> . . .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him. (citations omitted) In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 731, 732, 111 S.Ct. at 2554-2555, 2555.

In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Id.* at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the presumption is not applicable. *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never presented to the state courts. *Id.* at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). Moreover, the presumption "looks through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*,[___ U.S., at ___, 111 S.Ct., at 2559], we will presume that no procedural default has been

> invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594. Also, the presumption may not be applied in cases in which the state court opinion did not, at a minimum, discuss the federal grounds at issue. *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar."). Finally, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

When a petitioner has procedurally defaulted a claim, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes

> compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.
>
> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (internal quotation marks and citations omitted).

In his answer, respondent asserts that petitioner's due process HFOA claim is procedurally defaulted in this Court because Alabama's courts found it barred under state procedural rules, namely Ala.R.Crim.P. 32.2(c).

It is clear to the undersigned that Tolbert has procedurally defaulted his HFOA claim based upon the reason previously identified. More specifically, the Mobile County Circuit Court and the Alabama Court of Criminal Appeals both found petitioner's HFOA claim procedurally defaulted because it was a non-jurisdictional claim and untimely raised under Rule 32.2(c) (*see* Doc. 7, Exhibit 5, at 3) and it has been specifically determined in the Eleventh Circuit that a petitioner's failure to comply with Ala.R.Crim.P. 32.2(c) results in a procedural bar of all claims sought to be raised, *see Hurth v. Mitchem,* 400 F.3d 857, 864 (11th Cir. 2005) ("Our holdings enforcing Alabama's Rule 32.2(c) statute of limitations as a procedural bar in federal habeas proceedings, even when the default occurred before that rule was transformed into a jurisdictional

one by the *Williams* decision in 2000, cover a period of a half-dozen years. They begin with the *Gordon* decision in 1994 and run through the *Franklin* decision in 2000, with the *Kennedy* (1995) and *Bailey* (1999) decisions in between. Each of those four decisions, when read against the prior precedent rule, prevents us from following *Moore's* later holding that the enforceability of Rule 32.2(c) in federal habeas proceedings depends on that rule being jurisdictional in nature at the time of the default. It does not. . . . Having rejected Hurth's proposition that the violation of a rule must actually divest the state courts of jurisdiction to decide a claim before the rule will be respected in federal habeas proceedings, we reject his contention that his failure to comply with Rule 32.2(c) did not procedurally bar his . . . claim.").

Petitioner's reliance upon the dissenting opinion in *Maples v. Allen,* 586 F.3d 879, 895-897 (11th Cir. 2009), *judgment rev'd,* 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), does not promote his argument that this Court should consider the merits of his HFOA claim. In dissent, Judge Barkett set forth his position that Maples's ineffective assistance of counsel claims were not procedurally barred from review since a state rule on which a default is based is not "adequate" where it is applied in an arbitrary or unprecedented fashion and the rule relied on to bar review of Maples's claims, "Alabama's law on out-of-time appeals, . . . is not 'adequate' pursuant to the Supreme Court's definition of that term." *Id.* at 895 & 896. The insurmountable problem for Tolbert, however, is that the state rule on which his default is based is not "Alabama's law on out-of-time appeals[;]" instead, the rule on which petitioner's default is based is Rule 32.2(c), Alabama's statute-of-limitations rule, a rule about which the Eleventh Circuit has

clearly determined that a petitioner's failure to comply with results in a procedural bar of all claims sought to be raised, *see Hurth, supra*, 400 F.3d at 864. Petitioner has not established that Rule 32.2(c) of the Alabama Rules of Criminal Procedure has been applied in an arbitrary or unprecedented fashion (*see* Doc. 12) and, therefore, his conclusory suggestion that the rule has been applied in such fashion is unpersuasive.

Moreover, the fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Tolbert to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Tolbert has not come forward with any new reliable evidence which establishes his actual innocence of unlawful distribution of a controlled substance. (*See* Doc. 12.) Accordingly, this case is not one of those rare cases in which the actual innocence exception is applicable.

    C.    **Certificate of Appealability**.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned

recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether   (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as equitable tolling is an extraordinary remedy which the Eleventh Circuit has rarely granted, *see Diaz, supra*, 362 F.3d at 701 ("[T]his court has rejected most claims for equitable tolling."), and petitioner has defaulted the claim he wishes this Court to address, *see Hurth, supra*, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant

petition or that Tolbert should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted by* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa,* 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Hardy Devan Tolbert, Jr.'s petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Alternatively, petitioner is not entitled to any relief in this Court because he has procedurally defaulted his HFOA claim due to his failure to timely raise

this claim in state court. *See Hurth, supra.* Tolbert is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in forma pauperis.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of January, 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**